WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>       Plaintiff,<br><br>v.<br><br>Shaun Knox,<br><br>       Defendant. | No. CR-21-02195-001-TUC-CKJ (DTF)<br><br>**REPORT AND RECOMMENDATION** |

Pending before the Court is Defendant Shaun Knox's ("Knox" or "Defendant") a Motion to Strike Indictment Surplusage that was filed on October 20, 2021. (Doc. 17.) The Government filed a timely response (Doc. 19) and Defendant filed a timely reply (Doc. 21).

Pursuant to LRCrim. 5.1, this matter came before the undersigned Magistrate Judge for an evidentiary hearing and a report and recommendation. Oral argument on the motion was held on November 19, 2021. The Court, having considered the briefing, arguments, and evidence presented, recommends that the motion to strike surplusage should be granted for the reasons discussed below.

**FACTUAL BACKGROUND**

On September 1, 2021, the Defendant was indicted on four counts of indecent exposure while incarcerated in violation of Arizona Revised Statutes §§ 13-1402(A) and (C), and 18 U.S.C. §§ 7(3) and 13. (Doc. 1.) The alleged conduct took place at the Tucson Federal Correctional Complex ("FCC Tucson") in Tucson, Arizona, in which Defendant is

accused of exposing his genitals to female correctional employees on February 2, 2021; May 21, 2021; June 16, 2021; and June 25, 2021. (*Id.*; Doc. 19 at 2–3.) Under each of the four counts, the Government included the following language "and after having been convicted of Sexual Abuse, a felony, in violation of 18 U.S.C. §§ 1153, 2242, and 2246(2)(A), on March 8, 2010 in the United States District Court, District of South Dakota." (Doc. 1 at 1–3.) On October 20, 2021, Defendant filed the instant Motion to Strike Indictment Surplusage (Doc. 17) to challenge the inclusion of this language under each count.

## DISCUSSION

The indictment in this case states that on February 2, 2021; May 21, 2021; June 16, 2021; and June 25, 2021; "on land acquired for the use of the United States;" Defendant exposed his genitals in the presence of various correctional employees; was reckless about whether the correctional employees, as reasonable people, would be offended or alarmed by the act "and after having been convicted of Sexual Abuse, a felony, in violation of 18 U.S.C. §§ 1153, 2242, and 2246(2)(A), on March 8, 2010 in the United States District Court, District of South Dakota." (Doc. 1 at 1–3.)

Defendant moves pursuant to Rule 7(d) of the Federal Rules of Criminal Procedure to strike language related to the past conviction for sexual abuse contained within each count in the indictment. (Doc. 17 at 1.) Defendant's motion to strike relies on the assertion that the inclusion of language regarding his past conviction of sexual abuse is irrelevant and prejudicial surplusage. (*Id.* at 3.) Specifically, Defendant asserts that prior convictions under Ariz. Rev. Stat. § 13-1402(C) "are relevant only to determine how the offense should be classified, and if convicted, whether the defendant's sentence will be enhanced," and that his prior conviction for sexual abuse is not an element of his indecent exposure charges. (*Id.* at 4.) Defendant further contends that Ariz. Rev. Stat. § 13-1402(C) "specifies that the prior convictions must be for violations of Ariz. Rev. Stat. §§ 13-1402 and 13-1406," and since his prior conviction does not fall under either statute, it cannot be used for the purposes of sentencing enhancement. Finally, Defendant avers that the surplus language

is also prejudicial on its face and would only serve to taint a jury with improper considerations. (*Id.* at 4–6.)

In its Response, the Government argues that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." (Doc. 19 at 3) (citing *Apprendi v. New Jersey*, 530 U.S. 466 (2000)). The Government further asserts since the elements of the prior foreign federal conviction are the same or more restrictive that then charged offenses under the state statute, it can be used "to narrow the statutory basis of the foreign conviction, not to establish the conduct underlying it." (Doc. 19 at 4) (citing *State v. Dunbar*, 465 P.3d 527, 540 (Ariz. Ct. App. 2020), *review denied* (Dec. 15, 2020)). Finally, the Government assets that the elements of 18 U.S.C.A. § 2242, as defined in 18 U.S.C.A. § 2246(2), mirrors those of Ariz. Rev. Stat. § 13-1406, and thus, "can be used to increase the defendant's charges to felony offenses." (Doc. 19 at 3–4.)

Defendant filed his Reply brief and noted that *Apprendi* explicitly excludes prior convictions from the category of facts that must be submitted to a jury. (Doc. 21 at 2.) Defendant further notes that the Government did not attempt to rebut his assertion that the language is prejudicial. (Doc. 21 at 2.) Finally, Defendant argues that his prior conviction would not meet the test for establishing a prior historical conviction as set forth in *State v. Crawford*, 214 Ariz. 129 (2007), because the prior federal conviction does not contain the *mens rea* element that must be met under the equivalent state statute. (Doc. 21 at 5.)

At oral argument Defendant reasserted the arguments contained within his briefing and emphasized that the plain language of the statute does not make a prior conviction an element of the crime of indecent exposure. Additionally, Defendant conceded that a change in the language to simply indicate that an act occurred that was a felony offense might sufficiently resolve the prejudicial effect of the language. The Government stated that the prior conviction classifies the charges as a misdemeanor or a felony, as a result they had to raise it before the grand jury because they are seeking felony charges. Similarly, the Government stated that they had to include the language because they are

seeking felony charges and they had to put Defendant and the Court on notice.  As such, the Government concedes that the language can be stricken, so long as there is a procedure in place to allow them to seek elevation to a class 6 felony pursuant to Ariz. Rev. Stat. § 13-1402(C) and a determination that Defendant and the Court have sufficient notice that it is their intent to seek felony charges on all four counts.  The Government also admitted the potential prejudicial effect but noted that there are procedural mechanisms that could protect Defendant from any unfair prejudice.

The Court notes that the Parties did not cite to any case law directly on point, nor did the Court find any that specifically addresses Ariz. Rev. Stat. § 13-1402(C) and its application.  However, the Court agrees with Defendant that the plain language of Ariz. Rev. Stat. § 13-1402 did not make a prior conviction an element of the crime of indecent exposure under subsection (A).[1]  Rather, subsection (C) provides that prior convictions under §§ 13-1402 and 13-1406 can elevate the defendant's indecent exposure charge from a class 1 misdemeanor to a class 6 felony. Ariz. Rev. Stat. § 13-1402(C).  Where a prior conviction is not explicitly set forth as an element in the statute, *Apprendi* held that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466 (2000).  Accordingly, since Defendant's prior conviction is not an element necessary to prove that Defendant committed indecent exposure in violation of Ariz. Rev. Stat. § 13-1402, the Court finds that the determination of whether Defendant's prior conviction meets the criteria to elevate his indecent exposure charge from a misdemeanor to a felony is a legal question for the Court, not a question of fact that is reserved for the jury.  The adequacy of the charge as a felony is one that can be determined during the sentencing phase if Defendant is convicted.

Additionally, at oral argument, the Government stated that they were compelled to include the language at issue to place the Defendant and the Court on notice that it is their

---

[1] Indeed, the 2021 revisions to the Revised Arizona Jury Instructions issued by the State Bar of Arizona do not include a prior conviction as an element to the crime of indecent exposure. *See* RAJI (Criminal) 5th, at § 14.02 (2021).

- 4 -

intention to seek class 6 felony charges for each of the four counts in the indictment, and conceded that otherwise they do not oppose striking the language at issue in the instant motion. The Government also agreed that the language at issue could be considered prejudicial but asserted that any potential for unfair prejudice could be avoided by ensuring that there are procedural protections in place.

Consequently, the Court finds that Defendant's motion to strike is due to be granted and the language related to his past conviction should be stricken from the indictment. The Court finds that Defendant and the Court have been placed on notice that the Government is seeking to charge Defendant with class 6 felonies for each of the four counts included in the indictment.

## CONCLUSION

Accordingly, IT IS RECOMMENDED that Defendant Knox's Motion to Strike Indictment Surplusage (Doc. 17) be GRANTED.

IT IS THEREFORE RECOMMENDED, that the following be struck from each count in the Indictment: "and after having been convicted of Sexual Abuse, a felony, in violation of 18 U.S.C. §§ 1153, 2242, and 2246(2)(A), on March 8, 2010 in the United States District Court, District of South Dakota." (Doc. 1 at 1–3.)

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the district court. The parties shall have fourteen days within which to file responses to any objections. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(2). Failure to file timely objections to this recommendation may result in the acceptance of the recommendation by the district court without de novo review. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Dated this 23rd day of November, 2021.

Honorable D. Thomas Ferraro
United States Magistrate Judge